79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LISA FRANK, INC., Plaintiff-Appellee,
v.
P.C. WOO, INC., dba Mega Toys, a California corporation,
Defendant-Appellant.
 No. 95-56605.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 14, 1996.
 
 Before: GOODWIN, WIGGINS, O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 P.C. Woo, Inc. ("P.C. Woo") appeals the district court's grant of a preliminary injunction barring P.C. Woo from importing, purchasing, manufacturing, selling, advertising or displaying certain toys confusingly similar to Lisa Frank Inc.'s ("LFI") products and from reproducing or imitating LFI's trade dress. P.C. Woo contends that the district court abused its discretion in granting the preliminary injunction by finding that LFI was likely to succeed on its trade dress infringement claim. We have jurisdiction under 28 U.S.C. § 1291(a)(1), and we affirm.
 
 
 3
 The district court's preliminary injunction will be reversed only if the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. Vision Sports, Inc. v. Melville Corp., 888 F.2d 609, 612 (9th Cir.1989). The district court may grant a preliminary injunction if it determines that the movant has shown probable success on the merits and the possibility of irreparable harm. Id. Probable success on the merits in an action for trade dress infringement under section 43(a) of the Lanham Act is established by a showing that the LFI's trade dress (1) is nonfunctional; (2) is inherently distinctive or has acquired a secondary meaning; and (3) is likely to be confused by consumers with P.C. Woo's products. International Jensen v. Metrosound U.S.A., 4 F.3d 819, 823 (9th Cir.1993).
 
 
 4
 First, P.C. Woo suggests[1] that the district court should have found that the physical molding of the toys was functional. However, the "inquiry is not directed at whether the individual elements are functional but whether the whole collection of elements taken together are functional." International Jensen, 4 F.3d at 823. The district court considered a multitude of design alternatives in shapes, sizes, and colors and concluded that LFI's trade dress with its unique elements was nonessential to the use of the products and thus nonfunctional. See id. (trade dress is functional if it is essential to products' use or purpose). Thus, the district court did not base its determination of functionality on an incorrect legal standard, nor did it clearly err in that determination. See Vision Sports, 888 F.2d at 614; cf. Sega Enter. Ltd. v. Accolade, Inc., 977 F.2d 1510, 1530-31 (9th Cir.1992) (finding district court applied incorrect legal standard in evaluating functionality).
 
 
 5
 Second, P.C. Woo appears to argue that LFI's arrangement of toys within a package is not so inherently distinctive as to be identified with LFI. Regardless of whether the district court actually or correctly made such a finding, the district court's determination that LFI's trade dress had acquired a secondary meaning was not clearly erroneous since "the specific colors of the LFI products are duplicated exactly in a one-to-one correspondence in the [P.C. Woo's] products." See Vision Sports, 888 F.2d at 615; see also International Jensen, 4 F.3d at 824 (holding that proof of distinctiveness and acquisition of secondary meaning are alternative standards); Fuddruckers, Inc. v. DOC's B.R. Others, 826 F.2d 837, 844 (9th Cir.1987) (evidence of deliberate copying is relevant to determination of secondary meaning and supports inference of secondary meaning).
 
 
 6
 Finally, P.C. Woo contends that the district court erred in finding that the trade dress of its toys was confusingly similar to LFI's because, as the district court noted, P.C. Woo's products differed from LFI's toys in labelling and artwork. Although differences in certain features may reduce the likelihood of confusion, see Fuddruckers, 826 F.2d at 846 n. 13, the district court's assessment of the likelihood of confusion was based upon "the total effect of the [P.C. Woo] product and package on the eye and mind of an ordinary purchaser." International Jensen, 4 F.3d at 825 (quotations omitted). In light of the degree of the purchasers' sophistication, packaging similarity between P.C. Woo's and LFI's products, and P.C. Woo's duplication of LFI's colors, the district court's finding of likelihood of confusion was not clearly erroneous. See Vision Sports, Inc., 888 F.2d at 616.
 
 
 7
 Therefore, the district court did not abuse its discretion in concluding that LFI is likely to succeed on the merits of its trade dress infringement claim. International Jensen, 4 F.3d at 823; Vision Sports, 888 F.2d at 612. Accordingly, the district court's grant of a preliminary injunction is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Appellant P.C. Woo's opening brief is rather confusing. It is often hard to determine precisely what P.C. Woo's contentions are